UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILIP BRININGER, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                                                     **COMPLAINT**

                    Plaintiff,                  **Docket No.:** 18-cv-04579

              -against-                       Jury Trial Demanded

FRED A. COOK, JR., INC., and BRIAN F. COOK,
an individual,

                    Defendants.
------------------------------------------------------------------X

      Plaintiff, PHILIP BRININGER ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against FRED A. COOK, JR., INC., ("FACJI"), and BRIAN F. COOK, an individual, ("Cook"), (FACJI and Cook, together where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.    This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate

1

information, NYLL § 195(3); (iv) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (v) one of the NYLL's anti-retaliation provisions, NYLL § 215(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff commenced his employment with Defendants - - a company that provides sanitary sewer, data collection, septic, railroad, and water plant services, and its chief executive officer and day-to-day overseer - - as a vactor operator/foreman and laborer in July 2016, and he remains employed in this capacity for Defendants as of the date of filing of this Complaint. As described below, throughout his employment, Defendants have willfully failed and continue to fail to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants failed and continue to fail to pay Plaintiff at any rate of pay for up to three hours of time per workday that Plaintiff spends traveling to and from certain work sites, for a total of up to fifteen hours per week, all of which are hours that Plaintiff works in excess of forty in a week, causing Plaintiff not to be paid his overtime compensation for those hours as the FLSA, the NYLL, and the NYCCRR require.

3. Additionally, Defendants failed and continue to fail to provide Plaintiff with accurate wage statements on each payday as the NYLL requires.

4. Defendants paid and treated and pay and treat all of their vactor operators/foremen and laborers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff

brings his wage-related claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Additionally, after Plaintiff complained to Defendant Cook about Defendants' failure to properly pay him overtime wages, Defendants retaliated by suspending Plaintiff without pay from on or about August 18, 2017 until on or about September 13, 2017. Accordingly, on behalf of himself only, Plaintiff brings retaliation claims under the FLSA and the NYLL.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked and works for Defendants in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, Defendant FACJI was and is a New York corporation with its principal place of business located at 109 Albany Post Road, Montrose, New York 10548 ("Defendants' location").

11. At all relevant times herein, Defendant Cook was and is the chief executive officer and day-to-day overseer of Defendant FACJI.

12. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant FACJI's annual business exceeded and exceeds $500,000, and FACJI is engaged in interstate commerce within the meaning of the FLSA as it employs two or more employees and conducts business across state lines, such as by servicing clients located in various states, including New York, New Jersey and Connecticut, the combinations of which subjects Defendant FACJI to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, were and are required, on a weekly or near weekly basis, to service clients who are located in states other than New York, such as in New Jersey or Connecticut. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs individually.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, from the beginning of the applicable FLSA limitations period until present, performed any work for Defendants in the position of vactor operator/foreman and/or laborer, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17.     Defendant FACJI is a company that provides sanitary sewer, data collection, septic, railroad, and water plant services to its clients located throughout New York, New Jersey and Connecticut.

18.     Defendant Cook is the chief executive officer and day-to-day overseer of Defendant FACJI, who in that capacity controls the terms of employment for all of Defendants' employees, and is responsible for all matters with respect to hiring and firing and setting the amount and method of pay for all employees. To that end, Defendant Cook personally hired Plaintiff and determined the amount and method of paying Plaintiff his wages.

19.     Plaintiff commenced his employment with Defendants as a vactor operator/foreman and as a laborer in or around July 2016, and he remains employed in these positions to date.

20. In his capacity as a vactor operator/foreman, Plaintiff's primary duties consist of traveling to Defendants' clients' locations and operating the vactor vacuum truck, which excavates products and waste from, *inter alia*, sewers and catch basins.

21. In his capacity as a laborer, Plaintiff's primary duties consist of, *inter alia*, traveling to Defendants' clients' locations and cleaning the clients' catch basins, pipes, and sewers.

22. Plaintiff predominantly travels to and services Defendants' clients that are located in Westchester, Rockland, and New York counties. Plaintiff also travels out-of-state to service Defendants' clients in New Jersey and Connecticut on a weekly or near weekly basis.

23. Plaintiff works from Monday through Friday, arriving at Defendants' location anytime between 5:30 a.m. and 7:00 a.m., and returning to Defendants' location anytime between 3:00 p.m. and 7:00 p.m., depending on the amount of the day's work and traffic.

24. Plaintiff does not have a set schedule, and instead, typically each day, Defendants provide Plaintiff with his schedule for the following day. However, on those occasions when Defendants fail to provide Plaintiff with his following day's work schedule, Plaintiff is required to arrive at Defendants' location by 7:00 a.m. on the following morning.

25. In exchange for his work, Defendants pay Plaintiff $26.00 per hour for the first forty hours that he works per week and are supposed to pay Plaintiff $39.00 for each hour that he works in excess of forty per week. When Plaintiff performs work on public projects, Defendants pay Plaintiff prevailing wages.

26. At the start of his shift each morning, Defendants require Plaintiff to report to Defendants' location to punch in, as well as to retrieve a vactor truck and other necessary equipment, and then to travel to the assigned job site. Upon arriving at the job site, Plaintiff is

required to write his start time on a sign-in/out sheet, and similarly, just prior to leaving the job site, Plaintiff is required to write the end time on the same sheet. Then, at the end of each shift, Plaintiff is required to return to Defendants' location to punch out and turn in the day's sign-in/out sheet to Defendants' payroll department. Depending on traffic and where the sites to/from which he is traveling are located, the travel from Defendants' location to his job site and the travel from his assigned job site back to Defendants' location takes between five and fifteen hours per week.

27. Defendants pay Plaintiff for the time he spends traveling when Plaintiff punches in at Defendants' location at the beginning of his shift to the day's job site and from the job site back to Defendants' location at the end of his shift only when Plaintiff drives one of Defendants' vehicles while transporting work equipment to the job site.

28. But on the other hand, if Plaintiff is a passenger in a vehicle driven by a co-worker, or if Plaintiff drives his own vehicle because no trucks are available, or if the needed work equipment is left at the job site overnight, Defendants refuse to compensate Plaintiff for any time spent traveling from Defendants' location to the day's job site and then back, even though Defendants required and require Plaintiff to start and end his shift at Defendants' location and did not and do not permit him to report straight to the job site in the morning or to go straight home from the job site in the evening. As such, depending on the location, Defendants failed and continue to fail to compensate Plaintiff for all of the time that he spends traveling to and from the job sites at the beginning and end of each day, all of which is in excess of forty hours per week.

29. By way of example only, during the week of November 12 to November 18, 2017, Plaintiff was assigned to work at a job site in Mamaroneck, New York, which took

Plaintiff up to two and one-half hours per day to travel to and from, for a total of eleven hours and forty-five minutes of travel time that week. Also during that week, while at the job site in Mamaroneck, Plaintiff worked a total of forty hours. However, because the requisite equipment was left at the job site overnight during this week, Defendants paid Plaintiff for only the forty hours that he worked at the job site and did not pay him for the eleven hours and forty-five minutes that he spent travelling to and from there, all of which were over forty, at any rate of pay.

30. Defendants pay Plaintiff on a weekly basis.

31. On each occasion when they pay Plaintiff but do not pay him for his travel time as detailed herein, Defendants fail to provide Plaintiff with a wage statement that accurately lists, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at the overtime rate of pay.

32. Defendants treated and continue to treat Plaintiff and FLSA Plaintiffs in the same manner described herein.

33. Defendants acted and continue to act in this manner to maximize their profits and minimize their labor costs and overhead.

34. Each hour that Plaintiff and FLSA Plaintiffs worked and work was and is for Defendants' benefit.

35. On or about September 8, 2016, Plaintiff complained to Betty (last name unknown), an employee in Defendants' payroll department, about Defendants' failure to compensate him for his travel-time hours as described herein. Betty did not resolve the issue and simply told Plaintiff that "I don't make mistakes."

36. Then, on or about October 20, 2016 and again on June 29, 2017, Plaintiff again complained to Betty about Defendants' failure to pay him for his hours spent traveling, all of which were in excess of forty. Betty, again, did not provide any assistance on either occasion.

37. Frustrated, on or about August 17, 2017, Plaintiff complained to Defendant Cook, via text message, about Defendants' failure to pay him for all of his hours spent traveling, all of which were over forty. Defendant Cook eventually responded that "it looks like rain tomorrow" and directed Plaintiff not to come into work.

38. Subsequently, beginning on August 20, 2017 and continuing until September 14, 2017, Cook retaliated by refusing to put Plaintiff on the work schedule, thereby effectively suspending Plaintiff without pay. Cook did not take any other vactor operator/foreman or laborer off the schedule during this period.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

39. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

41. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

42. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

43. Defendants willfully violated the FLSA.

44. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

46. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCCRR.

49. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

50. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

52. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

54. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

55. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

56. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation under the FLSA with respect to Plaintiff only*

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has made any complaint relating to what an employee reasonably and in good faith believes to be an employer's violation of the FLSA.

59. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

60. As also described above, after Plaintiff made a good faith complaint asserting that Defendants violated the FLSA by failing to pay him overtime compensation, Defendants retaliated by suspending Plaintiff's employment without pay.

61. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

62. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

63. Additionally, Plaintiff is entitled to liquidated damages, punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation under the NYLL with respect to Plaintiff only*

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 215(1)(a) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has made any complaint relating to what an employee reasonably and in good faith believes to be an employer's violation of the NYLL.

66. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

67. As also described above, after Plaintiff made a good faith complaint asserting that Defendants violated the NYLL by failing to pay him overtime compensation, Defendants retaliated by suspending Plaintiff's employment without pay.

68. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief

70. Additionally, Plaintiff is entitled to liquidated damages, punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provisions, interest, and attorneys' fees.

71. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. All damages that Plaintiff sustained as a result of Defendants' retaliatory actions, including compensation for lost wages, benefits, and all other remuneration, whether back pay or front pay, whether legal or equitable, emotional distress damages, and punitive damages;

  h. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees, and an award of a service payment to Plaintiff;

  i. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  j. Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
May 23, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (631) 248-5550
Fax. (631) 248-6027

By: _____
TAYLOR M. FERRIS (TF 0521)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)
